# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| vs. | ) | No. 3:11-cr-00012-22 |
| | ) | JUDGE WISEMAN |
| **ALTO PARNELL** | ) | |

## MOTION FOR DAILY TRIAL TRANSCRIPT

COMES NOW THE ACCUSED, ALTO PARNELL, by and through counsel, John Cauley, pursuant to the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution, and moves this Court to Order that the accused be provided with a daily trial transcript in the instant case.

In support of this motion, counsel states the following:

1. Alto Parnell stands charged, along with 27 co-defendants, under a six (6) count Indictment, including charges of conspiracy and numerous drug offenses.

2. The Government estimates that at least two weeks will be required for it to put on its case in chief.

3. It will be exceptionally difficult for counsel for Alto Parnell to keep track of the testimony without at least partial transcripts of witness testimony. Without access to a daily transcript counsel will be impeded both in his efforts to cross examine effectively the Government's witnesses and present the accused's case.

4. In *Britt v. North Carolina*, 404 U.S. 226, 227 (1971), the United States Supreme Court held that equal protection considerations require providing an indigent defendant with a transcript when the transcript is necessary for "an effective defense or appeal." In Alto Parnell's case, because of the nature of the proof the Government is expected to present and the length of the trial, daily transcripts are necessary for an effective defense.