UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:11-00012 |
| | ) | |
| QUINICE CROSS    [10] | ) | |

## ORDER

In this multi-count, multi-defendant case, Defendant Quinice Cross's trial has been severed from those of the other Defendants and he is scheduled for trial on July 16, 2013. In Count One of the Superseding Indictment, Defendant is charged with conspiring with others to possess and distribute cocaine in violation of 21 U.S.C. §§ 2 & 846; in Count Nineteen he is charged with possessing with intent to distribute cocaine in violation of 21 U.S.C. § 841(a); and in Count Twenty he is charged with perjury in violation of 18 U.S.C. § 1621 for allegedly testifying falsely during a hearing on his Motion to Suppress before Judge Wiseman. Defendant has filed a Motion to Sever (Docket No. 1486) the perjury counts from the drug counts, and the Government has filed a response in opposition to that Motion (Docket No. 1497).

Rule 8(a) of the Federal Rule of Criminal Procedure governs whether multiple offenses may be joined in a single indictment by providing:

> The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged—whether felonies or misdemeanors or both—are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

Fed. R. Crim. P. 8(a). "[T]he spirit of Rule 8(a) . . . is to 'promote the goals of trial convenience and judicial efficiency,'" United States v. Tran, 433 F.3d 472, 478 (6th Cir. 2006) (citation omitted), and the Sixth Circuit "construes Rule 8(a) in favor of joinder and evaluates whether joinder was

1

appropriate based upon the four corners of the indictment." United States v. James, 496 Fed. Appx. 541, 546 (6th Cir. 2012).

"If the requirements of Rule 8 are not met, 'the district court has no discretion on the question of severance.'" United States v. Cody, 498 F.3d 582, 586 (6th Cir. 2007). However, even if the joinder of offenses is proper, a severance may still be ordered under Rule 14 which provides:

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Fed. R. Crim. P. 14(a). Whether to grant a severance lies in the sound discretion of the Court, and abuse occurs only where there is a "strong showing of prejudice," that is, "that joinder would compromise a specific trial right or prevent the jury from making a reliable judgment about guilt or innocence." Tran, 433 F.3d at 478.

In this case, Defendant cites no authority for the proposition that joinder of the drug counts and the perjury counts is, perforce, a misjoinder, although the argument does have some facial appeal. Nevertheless, "[p]erjury counts may be tried with other offenses. . . especially if the perjury relates to the conduct underlying the other charges," United States v. Shorter, 54 F.3d 1248, 1258 (7th Cir. 1995), and courts have upheld the joinder of perjury and drug charges when the perjury relates to the underlying drug offense. See, United States v. Turner, 2006 WL 4662601 at **3 (Feb. 27, 2006) (perjury count and manufacturing counts "'are somewhat alike' or have a 'general likeness' because the government alleges in the perjury count that Defendant lied about whether he manufactured methamphetamine"); United States v. Plumadore, 221 F. Supp.2d 12, (D. Maine 2002) (conspiracy to possess marijuana charge properly linked with perjury before grand jury charge).

Moreover, "a strong policy presumption exists in favor of joint trials when charges will be

proved by the same evidence and result from the same acts," because "[s]eparate trials produce additional labor for judges and juries, which results from the unnecessary repetition of evidence and trial procedures." United States v. Caver, 470 F.3d 220, 238 (6th Cir. 2006). This presumption in favor of joint trials, while usually expressed in the context of trying defendants jointly, is also applicable to the joinder of offenses, and "[j]oinder is proper where the same evidence may be used to prove each count . . . or if the counts have a 'sufficiently logical connection.'" United States v. Page, 657 F.3d 126, 129 (2nd Cir. 2011) (citation omitted).

Here, at least so far as the Court can tell from the Superseding Indictment, the perjury count is "connected with" the drug counts in the sense that, upon being arrested on the drug charges and after being provided his Miranda warnings, Defendant gave statements regarding the charged conspiracy, but then backtracked on those statements in support of his Motion to Suppress. It would thus appear that some of the same evidence would be used to prove the drug and perjury charges, and it would also appear that the differing testimony might suggest a consciousness of guilt such that the evidence on the perjury count would conceivably be admissible during a separate trial on the drug counts. See, Turner, 2006 WL 4662601*3 ("Evidence that Defendant attempted to manufacture methamphetamine may be admissible to show Defendant's intent, motive, plan, knowledge or absence of mistake or accident in perjuring himself when he said he did not 'deal drugs or manufacture methamphetamine.")

As indicated, even where counts are properly joined, the Court can order severance if trying the counts together would cause prejudice. However, "Rule 14(a) requires that the counts in an indictment be severed only when the defendant demonstrates that he will be prejudiced by the joinder of the charges," United States v. Deitz, 577 F.3d 672, 692 (6th Cir. 2009), and Defendant has

3

not even tried to make such a showing in this case. "Even where the risk of prejudice is high," – something not established in this case – "'less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice.'" United States v. Driver, 535 F.3d 424, 427 (6th Cir. 2008) (citation omitted). The Court has no doubt the jury in this case will be able to follow its instructions and consider each count separately.

Accordingly, the Motion to Sever Counts (Docket No. 1486) filed by Defendant Quinice Cross is hereby DENIED.

It is SO ORDERED.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE