UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 3:11-00012 |
| ) | Judge Sharp |
| DEMETRIUS DUNCAN [12] ) | |
| ALTO PARNELL [22] ) | |
| CHRIS YOUNG [27] ) | |

## ORDER

In accordance with the pretrial conference held on August 2, 2013, the Court confirms the following rulings:

(1) Defendant Chris Young's Motion to Join and Adopt Certain Pretrial Pleadings (Docket No. 1657) is hereby GRANTED.

(2) The Court hereby RESERVES RULING on Defendant Chris Young's Motion in Limine to Prohibit the Introduction of Prior Convictions, Arrest and Other Bad Acts (Docket No. 1354).

(3) Defendant Chris Young's Motion for Speedy Trial or Dismissal of Indictment (Docket No. 1359) is hereby DENIED in light of the return of the Superseding Indictment on April 24, 2013.

(4) Defendant Alto Parnell's Motion to Allow an Objection Made by Any Defendant to be an Objection Made by all Defendants (Docket No. 1652) is hereby GRANTED.

(5) Defendant Alto Parnell's Motion in Limine Regarding Co-Defendant's Statements/ Confessions (Docket No. 1650) is hereby GRANTED.

(6) Defendant Alto Parnell's Motion in Limine Regarding Evidentiary Matters and Arguments (Docket No. 1649) is hereby GRANTED IN PART and DENIED IN PART as follows:

(a) The Motion in relation to gang activity, a drug problem in the jurisdiction

1

or nation, or any general assertion that the community is rendered unsafe by criminal activity is DENIED as to gang activity with the understanding that the Government will mention gangs or gang activity only for a legitimate recognized purpose.

(b) The Motion in relation to the crimes alleged in Counts 2, 3, 5, 6, 7, 8, 9, 10, 19 and 20 is hereby GRANTED and proof shall not be adduced on any crimes with which Defendants are not charged, EXCEPT THAT the Government may refer to crimes that have not been specifically alleged against these Defendants to the extent those crimes fold back into the underlying conspiracy relating to these Defendant.

(c) The Motion in relation to any reference to Xavier Parnell, Defendant Alto Parnell's younger brother, is hereby DENIED.

(7) The Court hereby RESERVES RULING on Defendant Alto Parnell's Motion in Limine to Exclude "Other Acts" Evidence (Docket No. 1655).

(8) Defendant Demetrius Duncan's Motion in Limine No. 1 Regarding Co-Defendant's Post-Arrest Statements (Docket No. 1378) is hereby DENIED AS MOOT.

(9) Defendant Demetrius Duncan's Motion to Join and Adopt Certain Pretrial Pleadings (Docket No. 1658) is hereby GRANTED.

(10) Defendant Demetrius Duncan's Motion in Limine No. 2 (Docket No. 1715) to preclude evidence of other crimes, wrongs, or acts is hereby GRANTED.

(11) Defendant Demetrius Duncan's Motion in Limine No. 3 (Docket No. 1716) to preclude the Government from displaying or publishing any evidence to the jury until it is properly admitted is hereby GRANTED and this SAME PROHIBITION shall apply to Defendants.

(12) Defendant Demetrius Duncan's Motion in Limine No. 4 (Docket No. 1717) to allow counsel for Defendants to select the sequence of questioning of witnesses and other tasks is hereby GRANTED; PROVIDED, HOWEVER, that if counsel do not reach an agreement as to a particular witness or task, the default will be that the lowest numbered Defendant will go first, followed in ascending Order by the remaining Defendants.

(13) The Court hereby RESERVES RULING on Defendant Demetrius Duncan's Motion in Limine No. 5 (Docket No. 1718) requesting that the Government not be allowed to allude to, or reference in any way, the Murder of IZ, or Farley obtaining drugs from Vance, and then shooting Brooks and Nichols in Stewart County; PROVIDED, HOWEVER, that the Government may make vanilla statements during opening regarding the murder.

(14) The Court will hold a hearing at trial on the admissibility of the post-murder telephone calls.

(15) Defendants are hereby GRANTED eleven (11) peremptory challenges to be allocated among the Defendants as they so choose, and the Government is hereby allocated eight (8) peremptory challenges.

(16) The normal trial week will be from Tuesday through noon on Friday.

It is SO ORDERED.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE